837 F.2d 476
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elaine M. ONEY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 87-3222.
 United States Court of Appeals, Sixth Circuit.
 Jan. 21, 1988.
 
 Before ENGEL, CORNELIA G. KENNEDY, and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On June 30, 1985, petitioner was indicted on 54 counts of mail fraud, wire fraud and conspiracy. As part of a plea agreement with the respondent, petitioner agreed to testify against her codefendants in exchange for dismissal of all charges against her except for a single count of conspiracy, 18 U.S.C. Sec. 311, to which she would plead guilty. Petitioner subsequently pled guilty to one count of conspiracy on November 13, 1985. A sentencing hearing was held before the district court on January 21, 1986. At that time, the district court asked the petitioner and her trial counsel whether they had read the presentence investigation report (PSI) prepared by the United States Probation Office. Both individuals stated that they had read the report. The district court then asked both individuals whether either had anything to say in mitigation of sentence. Petitioner's counsel replied that everything had been said in petitioner's previously submitted sentencing memorandum. Petitioner responded that everything she had to say was in her letter to the Probation Office. The district court then sentenced the petitioner to four years of imprisonment and imposed a $50.00 fine.
 
 
 3
 Ten months after sentence was imposed, petitioner, on November 3, 1986, filed a motion for findings of fact pursuant to Fed.R.Crim.P. 32(c)(3)(D) and for reduction of sentence. In her motion, petitioner claimed that her rights to due process, equal protection and effective assistance of counsel had been violated by the failure of her trial counsel to alert the district court to numerous factual inaccuracies in the PSI and the district court's failure to make findings on these alleged inaccuracies. The district court rejected these arguments in an order entered on February 27, 1987.
 
 
 4
 On review, we now affirm that order. A review of the record in this appeal clearly reveals that the petitioner failed to bring these alleged inaccuracies to the attention of the district court during the sentencing hearing. Petitioner also failed to demonstrate on appeal that these alleged factual inaccuracies were the basis of the district court's sentence. Accordingly, petitioner has failed to satisfy her burden under Fed.R.Crim.P. 32(c)(3)(D) as discussed in our recent decision in United States v. Fry, No. 86-4094 (6th Cir. October 22, 1987).
 
 
 5
 Petitioner also failed to establish that the representation of her trial counsel violated the requirements of Strickland v. Washington, 466 U.S. 668 (1984), as they have been applied to guilty plea proceedings in Hill v. Lockhart, 474 U.S. 52 (1985). Because petitioner failed to establish on appeal that the alleged factual inaccuracies were relied on by the district court in sentencing the petitioner, it is immaterial whether her trial counsel was aware of such inaccuracies or whether he failed to bring them to the attention of the trial court if he was so aware. Petitioner was in no manner prejudiced by the representation her trial counsel afforded her.
 
 
 6
 Finally, petitioner's sentence does not violate her constitutional guarantee of equal protection. Although other codefendants received less severe sentences, the petitioner's sentence was within the limits of the statutory penalty provided for the offense to which she pled guilty. There is no indication that the trial court abused its broad discretion in imposing such a sentence. United States v. Tucker, 404 U.S. 433, 446-47 (1972); United States v. Garcia, 693 F.2d 412 (5th Cir.1982).
 
 
 7
 Accordingly, the order of the district court entered on February 27, 1987, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.